NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

CLARKSON S. FISHER BUILDING &
U.S. COURTHOUSE
402 EAST STATE STREET RM. 2020
TRENTON, NJ 08608
(609) 989-0502

## LETTER OPINION
### ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

September 11, 2006

      Re:    *Porter v. United States*, No. 05-1525 (JAP)

Dear Parties,

      Currently before the Court is Defendant the United States of America's (the "Government") motion for reconsideration pursuant to Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 59(e).[1] The Government seeks reconsideration of the Court's July 11, 2006 Order, which, *inter alia*, granted Plaintiff Dawud Porter's 28 U.S.C. § 2255 motion to the extent that it claims ineffective assistance of counsel by reason of failure to file a direct appeal and permitted Mr. Porter to file a direct appeal *nunc pro tunc*. For the reasons set forth below, the Court GRANTS the Government's motion and VACATES the July 11, 2006 Order.

**A. Background**

      Mr. Porter was indicted on January 29, 2002. In May 2002, Mr. Porter and the United States entered into plea agreement. On May 7, 2002, the Court conducted a hearing pursuant to Fed. R. Crim. P. 11 at which Mr. Porter entered a formal plea of guilty to the charge of possession of a firearm and ammunition subsequent to having been convicted of a felony. On October 1, 2002, Mr. Porter was sentenced to 84 months of imprisonment. The judgment of conviction was docketed on October 1, 2002. Mr. Porter's plea agreement does not prevent Mr. Porter from filing an appeal from or collateral attack of his sentence.

      Mr. Porter initiated this action on March 18, 2005. On May 31, 2005, in response to a notice and order advising Mr. Porter that he must include all potential claims in a single petition under *U.S. v. Miller*, 197 F.3d 644 (3d Cir. 1999), Mr. Porter indicated that he elected to proceed as filed, but also submitted "clarifications" of his motion. Mr. Porter raised the subject ineffective assistance of counsel claim in both the original motion and the May 31, 2005 supplement.

---

[1] The Court decides this motion without oral argument as it is permitted to do under Fed. R. Civ. P. 78.

In his submissions, Mr. Porter acknowledged that he did not file a direct appeal from the judgment of conviction. However, Mr. Porter alleged that his counsel was ineffective for failing to file a notice of appeal on Mr. Porter's behalf despite the fact that Mr. Porter "respectfully" and "specifically" requested his attorney to file a direct appeal for him within the requisite time period and to perfect his direct appeal.

As exhibits to the Government's opposition to Mr. Porter's § 2255 motion, the Government submitted correspondence between it and Ousmane Al-Misri, Esq., the attorney who represented Mr. Porter at both the plea hearing and the sentencing. In a letter dated May 17, 2006, the Government asked Mr. Al-Misri to check his files to confirm whether Mr. Porter asked him to file an appeal from Mr. Porter's conviction. In a letter dated May 23, 2006, Mr. Al-Misri responded: "I have reviewed our file relevant to the case. It contains no reference to a request for an appeal by Mr. Porter or any response by my office there to. This comports with my recollection of the case."

Based on the submissions of the parties, the Court found that the recollections of Mr. Porter and Mr. Al-Misri were not in conflict, and that Mr. Porter had demonstrated that his counsel was constitutionally "ineffective" with respect to his failure to have filed a notice of appeal when Mr. Porter instructed him to do so. Further, because the Court concluded that the submissions filed with the Court revealed no contested factual issue to be adjudicated at an evidentiary hearing, the Court did not schedule an evidentiary hearing. Consequently, the Court issued the July 11, 2006 Order that, *inter alia*, granted Mr. Porter's § 2255 motion to the extent that it claims ineffective assistance of counsel by reason of failure to file a direct appeal and enlarged the time in which Mr. Porter would be permitted to file a direct appeal of his conviction and sentence *nunc pro tunc*.

On July 21, 2006, the Government filed the instant motion for reconsideration of the Court's July 11, 2006 Order.

**B. Discussion**

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i). There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); *Brackett v. Ashcroft*, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). Reconsideration is an extraordinary remedy and should be granted "very sparingly." *See* L.Civ.R. 7.1(i) cmt.6(d); *see also Fellenz v. Lombard Investment Corp.*, Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)).

The Government's motion is premised on the third ground for reconsideration. The "correct a clear error of law or prevent manifest injustice" ground for reconsideration generally means that the Court overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i); *see also Fellenz*, 2005 WL 3104145, at *1; *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). The motion must be based on "more than a disagreement with the court's decision" and do more than "recapitulat[e] [] the cases and arguments considered by the court before rendering its original decision." *Campbell v. Chase Manhattan Bank*, USA, N.A., No. 02-3849 (JWB), 2005 WL 1924669 at *1 (D.N.J. Aug. 10, 2005) (internal quotation marks omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003). However, "where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, [it will] entertain such a motion." *Campbell*, No. 02-3849 (JWB), 2005 WL 1924669 at *1 (internal quotation marks omitted). In analyzing such motions, the Court should consider whether it has "overlooked" some point of law or fact, or "misconstrued" binding precedent. *See Hernandez v. Beeler*, 129 F. Supp. 2d 698, 701 (D.N.J. 2001).

The Government argues that the Court's July 11, 2006 Order reflects a misunderstanding of the record because there is a factual dispute between Mr. Porter and his former counsel, Mr. Al-Misri, as to whether Mr. Porter ever requested Mr. Al-Misri to file an appeal from his conviction. The Government explains that it is not Mr. Al-Misri's contention that he merely has no recollection as to whether Mr. Porter asked him to file an appeal; rather, Mr. Al-Misri's position is that, contrary to Mr. Porter's claim, Mr. Porter never requested that Mr. Al-Misri file an appeal following the Court's imposition of sentence. In support, the Government submits a Declaration executed by Mr. Al-Misri, in which Mr. Al-Misri attests: "Mr. Porter did not ask me to file any appeal on his behalf from the Court's conviction and sentence. That is the reason I have no recollection as [*sic*.] Mr. Porter making a request of me with regard to the filing of any appeal." Further, Mr. Al-Misri states: "After Mr. Porter was sentenced, Mr. Porter did not express to me any desire to file an appeal." In addition, Mr. Al-Misri sets forth the reasons that he did not address appeal with Mr. Porter after sentencing, and states that "had Mr. Porter asked me to file an appeal, I would have filed the appropriate notice."

In light of Mr. Al-Misri's Declaration clarifying his recollection and position with respect to this matter, the Court finds that the July 11, 2006 Order overlooked a point of fact which would have resulted in a conclusion different from that reached. The submissions previously before the Court, while potentially susceptible to more than one interpretation, failed to demonstrate a difference of recollection between Mr. Al-Misri and Mr. Porter. However, by clarifying his previous statements and unequivocally evidencing that his recollection is that he was not asked to file an appeal, Mr. Al-Misri's Declaration clearly demonstrates the existence of a factual dispute: that the recollections of Mr. Porter and Mr. Al-Misri are at odds. Now having the benefit of this Declaration, the Court concludes that it had overlooked this dispositive factual matter in rendering its decision in the July 11, 2006 Order. Consequently, the Court must grant the Government's motion for reconsideration. Further, in light of foregoing factual dispute, the

Court must vacate the July 11, 2006 Order and schedule an evidentiary hearing in accordance with *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001), at which the disputed factual issue of whether Mr. Porter ever asked Mr. Al-Misri to file an appeal from his conviction and sentence, and whether Mr. Al-Misri failed to honor such a request may be addressed.  Further, pursuant to Rule 8(c) of the Rules Governing Section 2255 cases, the Court must appoint counsel to represent Mr. Porter in connection with this evidentiary hearing.  The remaining claims in Mr. Porter's § 2255 motion will be stayed pending the resolution of his claim of ineffective assistance of counsel by reason of failure to file a direct appeal.

### C. Conclusion

For the reasons set forth above, the Court GRANTS the Government's motion for reconsideration; VACATES the July 11, 2006 Order; and STAYS the remaining claims in Mr. Porter's § 2255 motion.  Further, the Court will schedule an evidentiary hearing in accordance with *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001), and will appoint Mr. Porter counsel in connection with this evidentiary hearing pursuant Rule 8(c) of the Rules Governing Section 2255 cases.  An appropriate Order accompanies this letter opinion.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Original:   Clerk
cc:         Magistrate Judge Bongiovanni; All Parties; File