NOT FOR PUBLICATION                                                                 CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAWUD PORTER, | : | |
| Petitioner, | : | Civil Action No. 05-1525 (JAP) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

APPEARANCES:

Robert J. Haney, Esq.
12 Roszel Road
Suite A 104
Princeton, NJ 08450
    *Attorney for Petitioner Dawud Porter*

Christopher J. Christie
United States Attorney
Jonathan D. Levy
Assistant United States Attorney
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 430
Trenton, NJ 08608
    *Attorneys for Respondent United States of America*

PISANO, District Judge.

    Currently before the Court is Respondent's motion to dismiss Dawud Porter ("Petitioner" or "Porter")'s petition for habeas relief pursuant to 28 U.S.C. § 2255. Porter claims that his eighty-four month sentence for unlawful possession of a firearm violates *United States v. Booker*, 543 U.S. 220 (2005), because the Court imposed a stolen firearm enhancement without

establishing beyond a reasonable doubt that the gun in question was stolen. Because *Booker*, decided more than two years after Petitioner received his sentence, does not apply, the Court finds that Petitioner's claim fails as a matter of law. Accordingly, the Court dismisses with prejudice Porter's § 2255 petition for habeas relief.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 1, 2002, this Court sentenced Petitioner to an eighty-four month prison term after he pled guilty, on May 7, 2002, to a one-count Indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This sentence reflected the Court's findings that (1) Petitioner's offense for unlawful firearm possession occurred after he sustained at least two prior felony convictions for violent crimes or crimes involving controlled substances, (2) the firearm at issue was stolen, and (3) his prior criminal record placed him within a criminal history category of IV under the Sentencing Guidelines. Porter's prior felony convictions—which he acknowledged during his plea hearing—included two convictions for aggravated assault and one for possession with intent to distribute cocaine. Because of those prior felonies, Petitioner's plea agreement with the Government fixed the base offense level at level twenty-six for the charge of felon-in-possession of a firearm.

Petitioner's plea agreement did not prevent him from filing an appeal of his conviction and sentence, but Porter never filed any such appeal. On or about March 14, 2005, nearly two-and-a-half years after sentencing, Petitioner filed the instant § 2255 application for habeas relief. In his application, Petitioner raised the following grounds for relief:  (1) that his attorney, Ousmane Al-Misri, Esq., failed to honor Porter's request to file an appeal of his sentence and conviction and (2) that his sentence violated his Sixth Amendment rights under *United States v.*

2

*Booker*, 543 U.S. 220 (2005).[1]  As to the first ground, the Court held an evidentiary hearing in accordance with *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001), on September 25, 2006, and concluded that there was no credible evidence to support Petitioner's assertion that he asked his attorney to file an appeal.  The Court further concluded that Mr. Al-Misri did not violate any constitutional duty to consult with Porter about filing an appeal.  As a result, the Court denied Petitioner's request for habeas relief as to his claim that he received ineffective assistance of counsel.  Thus, the issue presented here is whether Porter is entitled to habeas relief under *Booker*.  Specifically, Petitioner asserts that his sentence violates *Booker* because the Court erred by imposing a stolen firearm enhancement without establishing beyond a reasonable doubt that the gun at issue was stolen.

## II.    DISCUSSION

### A. *Dismissal under Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a petition for habeas relief for "failure to state a claim upon which relief can be granted."[2]  When deciding a motion to dismiss, the Court must accept as true all allegations in the complaint and must

---

[1] Though absent from his brief in opposition to the Government's motion to dismiss, Porter's petition also raises claims based on *Shepard v. United States*, 544 U.S. 13 (2005).  The *Shepard* Court limited the scope of judicial fact finding on the disputed character of a prior plea by holding that sentencing courts may not consider police reports or complaint applications to determine the nature of a defendant's prior convictions.  *Id.* at 16.  There are no legitimate *Shepard* issues here, however, because the Court did not engage in any fact finding related to Petitioner's prior convictions.  Nor did it consider police reports or other such documentation relevant under *Shephard*.

[2] Under Rule 12 of the Rules Governing Section 2255 Proceedings, this Court "may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems more appropriate, to motions filed under [Rule 12]."

provide the plaintiff with the benefit of all inferences that may be fairly drawn from the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  Thus, a pleading should be dismissed only if the allegations in the complaint, "even if true, fail to support the . . . claim." *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

    B.  *Analysis*

The Government moves for dismissal of Petitioner's application for relief on the following independent grounds:  (1) the petition is time-barred because Porter did not file it within one year after his judgment became final, (2) *Booker* is inapplicable to Porter's petition because his conviction became final before *Booker* was decided, and (3) the Court's imposition of a stolen firearm enhancement did not prejudice Petitioner.

After conviction and exhaustion, or waiver, of any right to appeal, courts are "entitled to presume [that a defendant] stands fairly and finally convicted."  *United States v. Frady*, 456 U.S. 152, 164 (1982).  A federal writ of habeas corpus shall issue where a prisoner's sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Prisoners in federal custody may challenge the validity of their sentences via § 2255, a statute designed to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (internal citations, quotation marks omitted).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat.

1214, a defendant generally has one year in which to file a request for habeas relief under § 2255. The one-year period runs from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented should have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "This provision creates a statute of limitations for federal defendants who attempt to collaterally attack their conviction and/or sentence pursuant to § 2255." *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). The statute of limitations is subject to equitable tolling, which arises "when the principles of equity would make [the] rigid application [of a limitation period] unfair." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (internal citation, quotation marks omitted).

Porter concedes that he cannot show that his petition was filed within one year of the first three events set forth in the AEDPA. Petitioner argues, however, that he filed his petition within one year of "the date on which the facts supporting the claim or claims presented should have been discovered through the exercise of due diligence." The crux of Petitioner's argument is that he believed that his attorney had filed an appeal on his behalf and, as a result, Petitioner was unaware that his conviction had become final. Though the Court harbors serious doubt as to

5

Petitioner's claim that he actually believed his attorney had filed an appeal,[3] and leaves open the question of whether Petitioner's belief, if actually held, would be relevant to determining the applicability § 2255(4) or the doctrine of equitable tolling, the Court will assume for the purpose of this opinion that Petitioner's application is timely.  *Kost*, 1 F.3d at 183 (noting that under Rule 12(b)(6) non-moving party is entitled to "all reasonable inferences").

Turning to the substance of the petition, the Court finds that Porter's claim fails because *Booker*, the case upon which Petitioner bases his claim, is inapplicable to the instant petition. Under *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at 244.  This principle, however, does not apply retroactively:  "Because *Booker* announced a rule that is 'new' and 'procedural,' but not 'watershed,' *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued."  *Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005); *see also Teague v. Lane*, 489 U.S. 288, 310 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

The Court sentenced Porter on October 1, 2002, more than two years before the Supreme Court decided *Booker*.  It is without question, therefore, that *Booker* is inapplicable to Porter's

---

[3] After the *Solis* hearing, the Court concluded that "[t]here is no credible evidence to support [Petitioner]'s claim . . . that he ever asked [his attorney] to file an appeal from [Petitioner]'s conviction and sentence."  *Porter v. United States*, No. 05-1525 (D.N.J. Sept. 28, 2006) (order denying petition for habeas relief on grounds of ineffective assistance of counsel).

petition, and all claims that he has made in reliance upon *Booker* are without merit.  Not surprisingly, Petitioner has not offered any pre-*Booker* arguments to support his petition for habeas relief.  Indeed, Petitioner even admits—as he must—that the Court's imposition of a stolen firearm enhancement, using a preponderance of the evidence standard, was proper under pre-*Booker* practice.  *See United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006) ("As before *Booker*, the standard of proof under the guidelines [for application of guideline enhancements] continues to be preponderance of the evidence.").  Finally, the Court notes that even if the Court erred in imposing a stolen firearm enhancement, such error was harmless.  Without the stolen firearm enhancement, Petitioner's base offense level would have been level twenty-three which, with Petitioner's criminal history category of IV, would have resulted in a sentencing range of seventy to eight-seven months.  Thus, Petitioner's eighty-four month sentence is within the applicable guidelines, irrespective of the stolen firearm enhancement.

### III.  CONCLUSION

For the reasons stated above, the Court grants the Government's motion to dismiss with prejudice Petitioner's application for habeas relief.  An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  January 10, 2007